UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:13-CV-67-NAB |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Larry White's application for supplemental security income ("SSI") under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 9.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court heard oral argument on the pleadings of the parties on December 6, 2013 and took the matter under submission. The Court now issues its ruling in this opinion.

I.  **Issues for Review**

White asserts three errors for review. First, White contends that the residual functional capacity assessment is not supported by medical evidence. Second, White contends the administrative law judge ("ALJ") failed to conduct a proper analysis of White's substance abuse disorders. Finally, White contends that the hypothetical questions posed to the vocational expert

("VE") did not capture the concrete consequences of his impairment and thus the VE's response does not constitute substantial evidence.

## II. Standard of Review

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980); *Cruse v. Bowen*, 867 F.2d 1183, 1184-85 (8th Cir. 1989). Additionally, an ALJ's decision must comply "with the relevant legal requirements." *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008).

**III. Discussion**

   **A. RFC Determination**

White asserts that the RFC is not supported by medical evidence. RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 416.945(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. *Id.* The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. *Id.* The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

3

>	(1) the claimant's daily activities;
>
>	(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;
>
>	(3) any precipitating or aggravating factors;
>
>	(4) the dosage, effectiveness, and side effects of any medication; and
>
>	(5) the claimant's functional restrictions

*Id.* The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id.* The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). The ALJ need only acknowledge and consider those factors. *Id.* Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988).

In this case, the ALJ determined that White had the severe impairments of major depressive disorder and alcohol and marijuana abuse, but he did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in Appendix 1. (Tr. 25.) The ALJ found that White had the RFC to perform medium work, with the non-exertional limitations of simple, routine, and repetitive work involving simple 1-2 step instructions, non-detailed tasks, and simple work-related decisions in unskilled work. (Tr. 27.)

Based on a review of the entire record in this case, the Court finds that the RFC determination is not supported by substantial evidence. First, the ALJ gave substantial weight to

a consultative examination completed by Dr. Gitry Heydebrand. (Tr. 28.) Dr. Heydebrand examined White once on September 7, 2007. (Tr. 384-388.) Dr. Heydebrand opined that White did not have a medically determinable impairment and had no restrictions in his abilities to understand and remember simple instructions, sustain concentration, and persistence in tasks, or interact socially and adapt to the environment. (Tr. 386-87.) Dr. Heydebrand's psychological evaluation occurred three months before White's alleged onset date of disability of December 27, 2007. The ALJ also noted that the state agency psychologist, Dr. Judith McGhee, found that White did not have a medically determinable impairment on September 20, 2007, which was also before the alleged onset date of disability. (Tr. 389-399.) Dr. McGhee's opinion was based on a review of the medical records to that date and she did not examine White.

The ALJ gave little weight to a mental medical source statement ("MMSS") and little weight to the objective medical findings of Dr. Vadim Baram. (Tr. 30.) Dr. Baram examined White on July 2, 2008. In his treatment notes, Dr. Baram determined that White had major depressive disorder mild without psychosis and continued White on his current psychotropic medications. (Tr. 423.) In the MMSS completed on July 7, 2008, Dr. Baram stated that White had major depressive disorder, recurrent and moderate. (Tr. 417.) Dr. Baram determined that White had moderate limitations in activities of daily living; social functioning; and concentration, persistence, and pace. (Tr. 415-416.) The ALJ discounted Dr. Baram's findings, because he only examined White once. (Tr. 30.) The ALJ also stated that Dr. Baram found that White had severe symptoms and that his findings were inconsistent. Based on the Court's review of the record, Dr. Baram's findings only indicated moderate limitations and there was no inconsistency in Dr. Baram's findings as suggested by the ALJ. (Tr. 30, 415-416.)

The other objective medical evidence indicates that White received mental health treatment from Lorna Vaughn, M.A.; his case manager, Joyce E. Moore, M.S.W.; and a social worker[2] at Hopewell Center beginning on December 27, 2007. (Tr. 401-410, 419-423, 498-500, 502-508, 518-527.) White was hospitalized for psychiatric treatment at St. Alexius Hospital from November 16th to November 18th in 2008. (Tr. 479-495.) At the time of discharge from the hospital, White received a diagnosis of major depressive disorder, not otherwise specified. (Tr. 481.) The medical evidence also demonstrates that White has consistently been prescribed psychotropic medication.

Finally, the ALJ discounted White's credibility stating that his "allegations of the onset of disability date of December 27, 2007 are not supported by the record and significantly diminish the claimant's credibility." (Tr. 34.) The ALJ states that "there is no record of any treatment, for physical or mental impairments, or any defining disabling event on December 27, 2007." (Tr. 34.) The ALJ then mentions White's visit to Hopewell Center for mental health treatment on December 27, 2007. (Tr. 34.)

On December 27, 2007, White visited Hopewell Center and worker Joyce Moore assessed him with major depressive disorder, single episode, mild. Moore opined that White had moderate symptoms or moderate difficulty in social, occupational, or school functioning. (Tr. 410.) Although Moore cannot establish the existence of a medically determinable impairment, her assessment can provide insight into the severity of any impairments and how it affects his ability to function. SSR 06-03P, 2006 WL 2329939, 20 C.F.R. § 416.913(d). "The case record should reflect the consideration of opinions from medical sources who are not 'acceptable medical sources . . .who have seen the claimant in their professional capacity." SSR 06-03p. The ALJ should use the date alleged by the individual if it is consistent with all of the evidence

---

[2] The social worker's name is indecipherable and the name is not stated anywhere else in the record.

6

available. *Karlix v. Barnhart*, 457 F.3d 742, 747 (8th Cir. 2006). Moore's assessment that White had moderate impairments can be considered along with the other evidence in the record. It is unclear from the ALJ's opinion how Moore's treatment notes indicating moderate impairment, which are consistent with other evidence in the medical record, and are contemporaneous with the alleged onset date of disability significantly diminish White's credibility.

Based on the foregoing, the RFC determination is not supported by substantial evidence based on the record as a whole. The ALJ found that White had the severe impairment of major depressive disorder, but discounted all of the medical evidence that supported a diagnosis of major depressive disorder. The ALJ then gave substantial weight to Dr. Heydebrand's opinion, which was completed before the alleged onset date of disability and found that White did not have a medically determinable impairment. The ALJ's finding of a severe impairment clearly contradicts Dr. Heydebrand's opinion prepared before the alleged onset date of disability finding no medically determinable impairment. Next, the ALJ found that Dr. Baram's treatment notes were inconsistent with the mental medical source statement, but the record shows that the notes and opinion evidence were consistent. Then, the ALJ gave little weight to Dr. Baram's opinion completed after the alleged onset date of disability because it was based on a single treatment encounter, but gave significant weight to Dr. Heydebrand's opinion based on a single encounter that occurred before the alleged onset date.

It is true that "[a] disability claimant has the burden to establish [his] RFC." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004) (citing *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). However, the ALJ has an independent duty to develop the record despite the claimant's burden. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). RFC is a medical question. *Eichelberger*, 390 F.3d at 591. "Some medical evidence must support the

7

determination of the claimant's RFC." *Eichelberger*, 390 F.3d at 591 (citing *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000)) (internal quotation marks omitted). "[T]he ALJ should obtain medical evidence that addresses the claimant's 'ability to function in the workplace.'" *Id.* (quoting *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2003)).

In some cases, the duty to develop the record requires the ALJ to obtain additional medical evidence, such as a consultative examination of the claimant, before rendering a decision. *See* 20 C.F.R. § 404.1519a(b). "The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011); *see also Freeman v. Apfel*, 208 F.3d 687, 692 (8th Cir. 2000) ("'[I]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision.'" (quoting *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985))). Therefore, "[a]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).

In this case, the Court finds that the ALJ had a duty to further develop the record to obtain medical evidence to assist in the determination of the RFC in this matter. There is no medical evidence in the record to support an RFC determination that White can perform unskilled work at a medium exertional level involving repetitive work involving simple 1 and 2 step instructions. The alleged onset date of disability was not inconsistent with the all of the evidence available. Therefore, because the ALJ discounted all of the medical evidence describing White's functional limitations after the alleged onset date, she should have ordered a consultative examination to assist in determining the RFC. The Court will reverse and remand

for a new RFC determination and consultative examination. Because the Court is reversing and remanding for a new RFC determination, the Court will not address whether the vocational expert's testimony constitutes substantial evidence.

### B. Drug Addiction and Alcohol Analysis

The Social Security Act states that if alcohol or drug abuse is a contributing factor material to the determination of disability, the application must be denied. 42 U.S.C. § 423(d)(2)(C). The burden of proving that substance abuse is not a contributing factor material to the disability determination falls on the claimant. *Pettit v. Apfel*, 218 F.3d 901, 903 (8th Cir. 2000). "The plain text of the relevant regulation requires the ALJ to first determine whether [the claimant] is disabled." *Brueggemann v. Barnhart*, 348 F.3d 689, 694 (8th Cir. 2003); 20 C.F.R. § 416.925(a). "The ALJ must reach this determination initially, … using the five-step approach without segregating out any effects that might be due to substance use disorders." *Brueggemann*, 348 F.3d at 694. "The ALJ must base this disability determination on substantial evidence of [the claimant's] medical limitations without deductions for the assumed effects of substance use disorders. *Id.* "The inquiry here concerns strictly symptoms, not causes, and the rules for how to weigh evidence of symptoms remain well established." *Id.* Substance use disorders are simply not among the evidentiary factors [precedents] and the regulations identify as probative when an ALJ evaluates a physician's expert opinion in the initial determination of the claimant's disability." *Id.* "If the gross total of a claimant's limitations, including the effects of substance use disorders, suffices to show disability, then the ALJ must next consider which limitations would remain when the effects of the substance use disorders are absent." *Id.* at 694-95.

Only after the ALJ has made an initial determination that a claimant is disabled, that drug or alcohol use is a concern, and that substantial evidence on the record shows what limitations

would remain in the absence of alcohol or drug addiction, may he then reach a conclusion on whether the claimant's substance use disorders are a contributing factor material to the determination of disability. *Brueggemann*, 348 F.3d at 695. "If the ALJ is unable to determine whether substance use disorders are a contributing factor material to the claimant's otherwise acknowledged disability, the claimant's burden has been met and an award of benefits must follow." *Id.* at 693. "When an applicant is actively abusing drugs, this inquiry is necessarily hypothetical, and thus more difficult than if the claimant had stopped." *Kluesner v. Astrue*, 607 F.3d 533, 538 (8th Cir. 2010). "Even though the task is difficult, the ALJ must develop a full and fair record and support his conclusion with substantial evidence on this point just as he would on any other." *Brueggermann*, 348 F.3d at 695.

In this case, the ALJ did not cite to the Social Security regulations regarding how to account for substance use disorders in disability determination cases. The ALJ stated that

> there is no evidence that the claimant's alcohol and substance abuse use resulted in any disabling limitations of function. Therefore, given the claimant's severe impairment of a major depressive disorder, coupled with his drug and alcohol use, the undersigned giving the claimant the benefit of the doubt, finds that the claimant is therefore limited to unskilled work.

(Tr. 34.) White is correct that the ALJ's initial disability determination on substantial evidence of [the claimant's] medical limitations should not include deductions for the assumed effects of substance use disorders. *Brueggemann*, 348 F.3d at 694. The ALJ is first required to make a determination of disability without considering any potential causes from substance abuse. *Id.* Although the ALJ's substance abuse analysis was confusing, a deficiency in opinion writing does not require reversal. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996.) ("An arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an

administrative finding where the deficiency probably has no practical effect on the outcome of the case.") Because the ALJ did not find that White was disabled, it was not necessary to continue the analysis under *Brueggemann*.

Accordingly,

**IT IS HEREBY ORDERED** that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED and REMANDED** for a new residual functional capacity evaluation and consultative examination.

**IT IS FURTHER ORDERED** that a separate Judgment will be entered in favor of Plaintiff.

Dated this 30th day of December, 2013.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE